UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QINLAN ZHAO,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF STATE; UNITED STATES CONSULATE GENERAL VANCOUVER,<br><br>  Defendants. | CASE NO. 23-cv-1228<br><br>ORDER TO SHOW CAUSE |

The Court raises this matter sua sponte.

On August 10, 2023, Plaintiff Qinlan Zhao filed the Complaint initiating this litigation. Dkt. No. 1. Zhao seeks a writ of mandamus compelling Defendants to finalize administrative processing of Zhao's H-1B visa. *Id.* Since filing the Complaint, Zhao has submitted no proof to the Court that the Complaint has been served on Defendants. *See* Dkt. On October 11, 2023, this Court ordered the parties to submit a Joint Status Report by December 26, 2023. Dkt. No. 6. As of this date, no Joint Status Report has been filed. *See* Dkt.

ORDER TO SHOW CAUSE - 1

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve defendants with a copy of the complaint and a signed, sealed copy of the summons within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). Absent good cause, a district court may dismiss an action for a plaintiff's failure to meet this requirement.[1] *Id.* Additionally, under LCR 41(b)(1), the Court may dismiss an action pending for more than nine months without any proceeding of record having been taken for lack of prosecution. The Court's power to dismiss an action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Australasia Charterers Ltd. v. Worldwide Bulk Shipping Pte Ltd.*, No. C21-98 RSM, 2023 WL 7300966, at *1 (W.D. Wash. Nov. 6, 2023) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)) (cleaned up); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that district courts may sua sponte dismiss actions under Rule 41(b) for failure to comply with court orders and/or failure to prosecute).

Zhao has failed to prove service as required by Rule 4. Likewise, Zhao has failed to comply with the Court's October 11 Order requiring submission of a Joint Status Report by December 26, 2023. And Zhao has taken no action of record for

---

[1] Specifically, Rule 4(i) provides the requirements for service of the complaint and summons on the United States as defendant. See Fed. R. Civ. P. 4(i). Additionally, 22 C.F.R. § 172.2 provides the regulatory requirements for service of process on the U.S. Department of State. *See* 22 C.F.R. § 172.2(a) ("Only the Executive Office of the Office of the Legal Adviser (L/H–EX) is authorized to receive and accept summonses or complaints sought to be served upon the Department or Department employees. All such documents should be delivered or addressed to: The Executive Office, Office of the Legal Adviser, Suite 5.600, 600 19th Street NW., Washington DC 20522. (Note that the suite number is 5.600.)").

1  over a year. Absent good cause, these failures constitute grounds to dismiss Zhao's
2  claims.
3      Accordingly, Zhao must submit a short statement, not to exceed six (6) pages,
4  explaining why this case should not be dismissed for failure to effect service of
5  process and failure to prosecute. The Court ORDERS Zhao to file a Response to this
6  Order to Show Cause no later than thirty (30) days from the date of this Order.
7  Failure to file a response will result in dismissal of Zhao's action.
8      The Clerk is directed to place this Order to Show Cause on the Court's
9  calendar for 30 days from the date of this Order.
10     It is so ORDERED.
11     Dated this 5th day of September, 2024.

_____
Jamal N. Whitehead
United States District Judge